IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.3:07cv525-WKW |
| ) | [WO] |
| GLORIA SINCLAIR, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE[1] and ORDER**

Plaintiff Gene Coggins, a frequent *pro se* litigant is this Court, has filed a motion to proceed *in forma pauperis* in this action (doc. # 2). Upon consideration of the motion, and for good cause, it is

ORDERED that the motion to proceed *in forma pauperis* (doc. # 2) be and is hereby GRANTED.

Upon review of the complaint in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2] In this 42 U.S.C. § 1983 action, the *pro se* plaintiff names as the sole defendant the probate judge for Tallapoosa County, Alabama. Coggins contends that Judge Sinclair violated his constitutional rights when "the probate office set (sic) on final settlement of a will . . . for over two years with

---

[1] On June 21, 2007, this case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). The plaintiff objects to that referral. *See* Doc. #4. The plaintiff's objections to the referral lack merit.

[2] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

no results, then I filed a petition to appeal to circuit court, this was denied with reason as non-payment." (Compl. at 2). Coggins further complains at length about this alleged denial of his right to appeal. Finally, Coggins contends that "there is probable cause to believe that [Judge Sinclair] has committed a crime in the performance of her duty as probate judge, by not abiding by the oath of office she took." (Compl. at 6-7.) For the following reasons, this case is due to be dismissed.

A district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Section 1915(e)(2) further authorizes the court to dismiss cases against defendants who are immune or when the action is frivolous. A lawsuit is frivolous if the "plaintiff's realistic chances of ultimate success are slight." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990). As part of the process of making the determination called for by § 1915(e)(2), the trial court determines "whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong." *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987). Furthermore, "if a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has concluded a 'sufficient inquiry' to determine whether the plaintiff's realistic chances of ultimate success are slight." *Moreland*, 899 F.2d at 1169-70. . . . That the complaint states a cause of action does not mean that the action cannot be frivolous for the purposes of a section 1915(d) dismissal." *Menendez*, 817 F.2d at 739-40 (IFP complaint that states claim under Rule 12(b)(6) may nevertheless be dismissed if court becomes convinced that

2

case is frivolous).

    1. <u>The Request for Monetary Damages</u>.  Coggins seeks damages from Judge Sinclair. It is clear that all of the allegations made by the plaintiff against Judge Sinclair emanate from actions taken by this defendant in her judicial capacity during or relating to state court proceedings over which she had jurisdiction.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to her judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, the plaintiff's claims for monetary damages against Judge Sinclair are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke*, 490 U.S. at 327.

    2. <u>The Request for Declaratory Relief</u>.  To the extent Coggins seeks declaratory relief from adverse decisions issued or actions take by Judge Sinclair in the state probate proceedings, this court lacks jurisdiction to render such a judgment in an action filed pursuant to 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, ___, 126 S.Ct. 1198, 1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Coggins from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

3

rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at ___, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover especially with respect to the allegation that Judge Sinclair "set (sic) on final settlement," a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

  Finally, to the extent the plaintiff seeks to pursue criminal charges against Judeg Sinclair, this claim fails to rise to the level of a constitutional violation. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Conlogue v. Shinbaum*, 949 F.2d 378, 380-81 n.5 (11th Cir. 1991). A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, the action about which the plaintiff complains did not deprive him of any constitutionally protected interest and therefore cannot form the basis for an action brought pursuant to 42 U.S.C. § 1983.

  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 1983 claims against Judge Sinclair be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 12, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of June, 2007.

                                  /s/Charles S. Coody
                                  CHARLES S. COODY
                                  CHIEF UNITED STATES MAGISTRATE JUDGE